# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN SALMEN,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>JAMES HILL, Acting Warden,<br><br>　　　　　　Respondent. | Case No. 2:21-cv-08652-AB (JPR)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the other records on file, and the Report and Recommendation ("Report") of the United States Magistrate Judge.  Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

　　　　The Report recommends denial of the Petition and its supplement and the dismissal of the action with prejudice.  (ECF No. 73.)  Petitioner has filed objections to the Report.  (ECF Nos. 75 and 76.)  For the following reasons, Petitioner's objections do not warrant a change in the Magistrate Judge's findings or recommendation.

　　　　Petitioner objects that the prosecutor was "a known framer engaging in perjury to take advantage of the no accountability for prosecutors['] way of justice."

(ECF No. 75 at 1-2 (citing 3 Reporter's Transcript at 1008).) Petitioner appears to be arguing that the prosecutor misstated the evidence by questioning Petitioner about going to a "kitchenette" to retrieve the murder weapon, which later became a "kitchen," and which later "vanished altogether." (*Id.* at 2.) As the Report reasonably found, no prosecutorial misconduct was shown in this regard because Petitioner gave a pretrial account admitting he used a "kitchen thing" or "kitchen knife" to stab the victim. (ECF No. 73 at 28-29.)

Petitioner relatedly objects that there was no evidence of premeditation because he did not take "time to think" by going to a kitchen or kitchenette to retrieve the knife he used to commit the murder. (ECF No. 75 at 2-3.) This objection ignores the Report's finding that the manner in which Petitioner killed the victim, by stabbing him close to 40 times, was sufficient by itself to establish premeditation. (ECF No. 73 at 22 (citing *Drayden v. White*, 232 F.3d 704, 709 (9th Cir. 2000).) The objection also ignores the California Court of Appeal's finding that Petitioner's motive to kill the victim, who had a history of making racist comments and insulting Petitioner's girlfriend, was an additional factor establishing premeditation. (ECF No. 9-1 at 14-15.)

Petitioner objects that his trial counsel was ineffective for failing to investigate a witness named Jason Akers, who would have testified that the victim had said Petitioner should be killed. (ECF No. 76 at 5-6.) This objection ignores the Report's finding that Petitioner was unaware of any plans to harm him, making any statements or rumors to that effect irrelevant to his state of mind at the time of the murder. (ECF No. 73 at 57-58.)

Petitioner objects that his counsel was ineffective for failing to have Petitioner's false confession suppressed. (ECF No. 76 at 7.) As the Report found, however, counsel told Petitioner that the confession included "good statements" supporting a self-defense theory. (ECF No. 73 at 42, 45.) Because counsel's statement reflected an informed and strategic decision not to challenge the

admission of the confession, that decision is virtually unchallengeable. (*Id*. at 42 (citing *Strickland v. Washington*, 466 U.S. 668, 690 (1984).)

Petitioner relatedly objects that his counsel should have been aware the confession was coerced because Petitioner had an eye injury and was sleep-deprived. (ECF No. 76 at 7-8.) As the Report reasonably found, however, the record did not support that assertion, Petitioner turned himself in to the police, he did not request medical attention during the interview, and the interview lasted less than 23 minutes. (ECF No. 73 at 43-47.)

In sum, Petitioner's objections are overruled.

IT IS ORDERED that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted; and (2) Judgment shall be entered denying the Petition and its supplement and dismissing this action with prejudice.

DATED: January 10, 2024

_____
ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT JUDGE